1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ERIC GRIFFIN,                                          )
                                                       )
                                   Plaintiff,          )      Case No. 2:09-cv-00845-PMP-GWF
                                                       )
vs.                                                    )      **ORDER AND FINDINGS AND**
                                                       )      **RECOMMENDATIONS**
LAWRENCE LEAVITT, *et. al.*,                           )
                                                       )      Application to Proceed *In Forma*
                                   Defendant.          )      *Pauperis* (Dkt. #1) and Motions
_____                )      (Dkt. #s 2-5)

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* and Complaint Pursuant to 42 U.S.C. § 1983 (Dkt. #1), filed on May 12, 2009; Motion for Permanent Injunction (Dkt. #2), filed on May 14, 2009; Motion to Amend Motion for Permanent Injunction (Dkt. #3), filed May 15, 2009; Motion for Arrest of U.S. Agent (Dkt. #4), filed May 22, 2009; and Motion to Amend/Correct Complaint (Dkt. #5), filed May 26, 2009.

The Court finds that Plaintiff is unable to prepay the filing fee. However, the Court also recommends that the Complaint be dismissed with prejudice as delusional and frivolous.

### I.    *In Forma Pauperis* Application

Plaintiff Eric Griffin filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee and Plaintiff's request to proceed *in forma pauperis* will be granted.

### II.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to

1   dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief

2   may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from

3   such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to

4   state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove

5   no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d

6   791, 794 (9th Cir. 1992); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A complaint may be

7   dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.

8   *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is

9   appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or

10   not there are judicially noticeable facts available to contradict them."  *Denton*, 504 U.S. at 33.  When a

11   court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint

12   with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

13   deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

14   1995).

15        In his Complaint, Griffin alleges that Judge Lawrence Leavitt violated his due process rights by

16   recommending that Plaintiff's Complaint in Case No. 2:09-cv-00458-RCJ-LRL be dismissed with

17   prejudice.  Judge Leavitt's recommendation in Case No. 2:09-cv-00458-RCJ-LRL was affirmed on May

18   19, 2009 by the Court and Plaintiff's Complaint was dismissed with prejudice as Plaintiff's claims were

19   found to be frivolous.  Plaintiff's prior complaint alleged that the City of Henderson and Clark Co.

20   District Attorney have withheld information from human rights groups about the illegal use of

21   D.E.W./Voice-to-Skull technology and the use of this technology to torture the plaintiff.  (Dkt. #1-2 at 1-

22   3).  Plaintiff argues that the Court should have heard his motion to have a special prosecutor appointed

23   and motion for permanent injunction within 24 to 48 hours as all of his motions constituted "life or death

24   motions".  (Dkt. #1-2 at 2).  In addition, Plaintiff alleges that by recommending the dismissal of

25   Plaintiff's case in Case No. 2:09-cv-00458-RCJ-LRL, Judge Leavitt covered up murders and denied Mr.

26   Griffin the right to be a free person and free from torture.  (*Id.*)  The Court finds that these statements are

27   fantastic, delusional and irrational and will therefore recommend that the Complaint be dismissed with

28   prejudice as it is clear from the face of the complaint that the deficiencies cannot be cured by

1 amendment.

2     In light of the Court's recommendation, Plaintiff's Motion for Permanent Injunction (Dkt. #2),

3 Motion to Amend Motion for Permanent Injunction (Dkt. #3), Motion for Arrest of U.S. Agent (Dkt. #4)

4 and Motion to Amend/Correct Complaint (Dkt. #5) will be denied as moot, pending the District Judge's

5 granting of the Court's recommendation of dismissal.

6     Accordingly, and for good cause shown,

7     **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1)

8 is **GRANTED**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars

9 ($350.00).

10     **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion

11 without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

12 This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at

13 government expense.

14     **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

15     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Permanent Injunction (Dkt. #2),

16 Motion to Amend Motion for Permanent Injunction (Dkt. #3), Motion for Arrest of U.S. Agent (Dkt. #4)

17 and Motion to Amend/Correct Complaint (Dkt. #5) will be **DENIED** as moot, pending the District

18 Judge's granting of the Court's recommendation of dismissal.

## RECOMMENDATION

20     **IT IS HEREBY RECOMMENDED** that Plaintiff's Civil Rights Complaint Pursuant to 42

21 U.S.C. § 1983 (Dkt. #1) should be **DISMISSED with prejudice** as delusional and frivolous and as it is

22 clear from the face of the complaint that the deficiencies cannot be cured by amendment.

## NOTICE

24     Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

25 writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the

26 courts of appeal may determine that an appeal has been waived due to the failure to file objections within

27 the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985). This circuit has also held that (1) failure to

28 file objections within the specified time and (2) failure to properly address and brief the objectionable

3

issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of June, 2008.

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**

4